IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| BUFFALO WINGS FACTORY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv612-GBL |
| | ) | |
| SALEEM MOHD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

JOINT PROPOSED DISCOVERY PLAN

Plaintiff Buffalo Wings Factory, Inc. ("Plaintiff") and Defendants Saleem Mohd, Naeem Mohd and Charbroil Grill of Worldgate, Inc. (collectively, "Defendants") (collectively, "the parties"), by counsel, and pursuant to this Court's Order of September 5, 2007, as amended by order dated September 13, 2007, as further amended by telephone call from Judge Poretz's chambers rescheduling the Initial Scheduling Conference to September 26, 2007, hereby jointly propose the following plan for completion of discovery in this case:

I.  Conference of Parties

The parties have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge, and to arrange for disclosures as required by Fed. R. Civ. P. 26(a)(1).

II.  Initial Disclosures

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made on or before October 10, 2007.

III.  Settlement Potential

The parties have not yet engaged in settlement discussions, but are amenable to seeking

-2-

an early resolution of this case, with or without the assistance of a United States Magistrate Judge of this Court.

IV.     Consent To Magistrate Judge

The parties have conferred and agree to try this matter in front of a United States Magistrate Judge.

V.      Non-Party Depositions

A.      At this time, the parties do not anticipate that the Plaintiff or Defendants will take more than five (5) non-party depositions in accordance with the Court's September 13, 2007 Order.

B.      The parties expressly reserve the right to seek leave of the Court to take additional non-party depositions pursuant to the Court's September 13, 2007 Order and Fed. R. Civ. P. 30(a)(2)(A).

VI.     Interrogatories

A.      At this time, the parties do not anticipate that Plaintiff or the Defendants collectively will serve more than thirty (30) interrogatories, including parts and subparts, in accordance with the Court's September 13, 2007 Order.

B.      The parties expressly reserve the right to seek leave of the Court to serve additional interrogatories pursuant to the Court's September 13, 2007 Order and Fed. R. Civ. P. 26(b)(2).

VII.    Requests For the Production of Documents

A.      The parties agree that the exchange of written requests for production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34, including with regard to any electronic documents.

    B.    The parties reaffirm their intent to comply with the Court's Order of September 7, 2007 regarding the preservation of relevant data, evidence, and documents pending trial.

    C.    <u>Electronically stored information ("ESI")</u>—The parties agree to cooperate in the exchange of ESI in a reasonable manner to mitigate the expense of production. ESI shall be exchanged in TIFF format pursuant to the attached protocol.

    D.    <u>"Clawback" agreement</u>—The parties acknowledge that the production of ESI can lead to the inadvertent production of privileged material and agree to permit the producing party to "claw back" privileged material, without waiver of the applicable privilege, pursuant to the following stipulations:

    1.    Upon becoming aware of inadvertent disclosure of privileged material, the producing party must promptly request the return of any document that is subject to a legitimate claim of privilege.

    2.    Unless the requesting party disputes the producing party's claim of privilege, any documents that the producing party deems to contain inadvertently disclosed privileged material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request.

    3.    If the requesting party disputes the producing party's claim that the inadvertently produced documents are subject to a legitimate claim of privilege, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking court determination of the issue pursuant to Fed. R. Civ. P. 26(b)(5)(B).

    4.    Any privileged material that is inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

    5.    To the extent there may be inconsistency between the aforementioned stipulations and Fed. R. Civ. P. 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5) and the Committee Note shall control.

VIII.    <u>Requests for Admissions</u>

The parties agree that the exchange of written requests for admissions shall be conducted pursuant to Fed. R. Civ. P. 36.

IX.    Expert Witnesses

    A.    The parties agree that the identification of expert witnesses shall be conducted pursuant to Local Civil Rule 26(D), which dictates the following schedule: Plaintiff's Expert Report – November 9, 2007; Defendants' Expert Report shall be due within 30 days of service of Plaintiff's Expert Report; Plaintiff's Rebuttal Report shall be due within 15 days after service of Defendant's Expert Report.

    B.    The parties agree that depositions of Plaintiff's expert witnesses will take place between November 11, 2007 and November 21, 2007, and that depositions of Defendants' expert witnesses will take place between December 1, 2007 and December 10, 2007.

X.    Subpoenas

The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Fed. R. Civ. P. 45.

XI.    Serving and Filing Pleadings

The Complaint in this case was filed after March 26, 2007. Therefore, service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures.

XII.    Completion of Discovery

The parties understand and agree that discovery must be completed by January 11, 2008 pursuant to this Court's Order dated September 13, 2007.

XIII.    Summary Judgment

The parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for

-5-

summary judgment.

XIV. <u>Protective Order</u>

The parties agree in good faith to negotiate an appropriate protective order to preserve the confidentiality of commercially sensitive documents and information.

                Respectfully submitted,

_(signature pending)_____
Martin Mooradian
77000 Little River Turnpike #604
Annandale, VA 22003
(703) 256-6200  telephone
(703) 256-4851 facsimile

*Attorney  for Defendants*


/s/ Thomas M. Dunlap_____
Thomas M. Dunlap (VSB No. 44016)
Michael C. Whitticar (VSB No. 32968)
DUNLAP, GRUBB & WEAVER, PC
199 Liberty St., SW
Leesburg, VA  20175
Tel:  703-777-7319
Fax:  703-777-3656
mwhitticar@dglegal.com
tdunlap@dglegal.com

*Attorneys for Plaintiff*