**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| BUFFALO WING FACTORY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv612 |
| ) | |
| ) | |
| SALEEM MOHD, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SPOLIATION AND/OR**
**DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY,**
**AND MOTION FOR LEAVE TO SERVE THIRD PARTY DISCOVERY**

COMES NOW the Plaintiff, Buffalo Wing Factory, Inc., by counsel, and files this Memorandum in Support of its Motion For Spoliation and/or Discovery Sanctions and to Compel Discovery, and Motion for Leave to Serve Third Party Discovery, and for an award of attorneys' fees and costs for all time spent in bringing this motion before the Court.

### DEFENDANTS' DISCOVERY DEFICIENCIES

This case involves claims of trademark infringement, trade secret misappropriation, unfair competition, and other claims related to the Defendants' copying and misappropriating numerous aspects of Plaintiff's restaurant name, trademark, menu offerings and business format.

**A.      Defendants' Failure To Make Timely Objections (or Any Objections)**

Plaintiff propounded to all Defendants the interrogatories and requests for production attached as Exhibit A.  No objections were received within fifteen days as required by Local Civil Rule 26(C).  Defendants *never* served any written objections or

responses to Plaintiff's document requests.  Therefore, Plaintiff requests that Defendants be

ordered to produce, without any objections or withholdings, all documents responsive to

Plaintiff's document requests.

Defendants did not object to any of Plaintiff's interrogatories until they served

objections with their answers, at least thirty days after the interrogatories had been served,

and at least fifteen days past the deadline for serving objections.  *See* Local Civil Rule

26(C).  Defendants then belatedly interposed many baseless and unfounded objections to

Plaintiff's interrogatories.  (*See* Exs. B, C and D).  Therefore, Plaintiff requests that all of the

Defendants' objections to interrogatories should be overruled, and that Defendants be

ordered to provide complete narrative answers to Plaintiff's interrogatories, without any

objections or withholdings.

**B.     Defendants' Failure And Refusal To Produce Adverting and Promotional
         Documents And Materials**

Plaintiff's claims include allegations involving the similarity of Defendants' print,

newspaper and radio advertising to Plaintiff's own advertisements, which the Court, per

Judge Lee, has decided is a relevant factor to consider in ascertaining the likelihood of

confusion between the Plaintiff's mark and business and the Defendants' mark and business.

Without samples of the Defendants' advertising and other documentation related to that

advertising, such as expense and payment records, advertising samples, and radio station

play lists, the Plaintiff is unable to properly prepare its case.  In Exhibit A, Plaintiff

propounded the following document requests to Defendants for their advertising and

promotional documents and materials:

<u>**Document Request No. 2**</u>:  Produce each paper and electronic document and
thing constituting or relating to any of your advertisements, brochures,
promotional materials, receipts, signs or any other document or thing seen by

> any member of the public for Buffalo Wings House and any and all such
> documents and things in which the name "Buffalo Wings House" appears.
>
> **Document Request No. 9:**  Produce all documents which refer or relate to the
> channels of trade, advertising, or promotion for Defendant's goods or services
> sold under the name Buffalo Wings House.

This request is not limited to current advertising and promotional materials.  In fact, the

instructions expressly provided as follows with respect to the time period covered by

Plaintiff's discovery requests:

> **Instruction No. 2:**  Unless otherwise stated, these discovery requests seek
> information and documents from January 1, 2003 through the date of trial.

Despite the lack of any express or fairly implied limitation to "current" advertising or

promotional documents, Defendants have produced only one advertisement due to their

unfounded contention that this request is limited to "current" advertising and promotional

materials.  They have produced no records of any past advertisements or promotions, or of

related expenses, payments, schedules or playlists, even though Defendants have admitted in

depositions that they have conducted and paid for advertising in the past.  (Naeem Mohd

Dep. 56-60, Dec. 18, 2007.)  Defendants' failure and refusal to produce these documents

based on the clearly unfounded pretext that these requests are limited to "current"

advertising and promotional documents is baseless.  Plaintiff therefore requests that the

Defendants be ordered to produce all of their advertising and promotional materials and

documents, and that they be subjected to monetary sanctions and an establishment order

regarding the similarity of the parties' advertising and promotional materials.

## C.     Defendants' Failure To Produce Tax Returns and Financial Records

If the Plaintiff prevails on its claims under the Lanham Act and other sources of law,

its potential measures of damages include recovery of the Defendants' wrongful profits,

recovery of lost profits from lost sales, and recovery of a reasonable royalty based on the

Defendants' sales.  *See* 15 U.S.C. § 1117(a).

  To establish the Defendants' revenues, sales and wrongful profits from their own

records, Plaintiff propounded the following discovery requests:

> **<u>Interrogatory No. 3</u>:** Please state, by year, the amount of revenues, profits, costs, and expenses associated with or derived from the operation of the Buffalo Wings House restaurant since its inception, and please state, by year, the profits, income, and revenue earned by Saleem and Naeem Mohd, and all owners of the Buffalo Wings House relating to the restaurant.

> **<u>Document Request No. 5</u>:** Produce each document relating to any financial aspect of Buffalo Wings House, including without limitation, documents relating to costs, pricing, profits, sales or purchases, including all tax returns, financial reports, balance sheets, income reports, or computer or hard copy sales reports.

  In response to these discovery requests relating to damages, the Defendants have

produced only one unsigned corporate 2006 tax return.  They claim that a former accountant

ran off to India with their other tax returns, but they have made no effort to get copies of past

tax returns from the Internal Revenue Service or the state department of taxation, despite

several requests from Plaintiff.  Without the Defendants' tax returns and financial records,

the Plaintiff is unable to properly prepare its case on damages through direct evidence.

Furthermore, given the cash nature of the restaurant industry and the apparently inflated cost

of goods sold ratio on the only tax return Defendants have produced, Plaintiff believes that

the Defendants may have been inaccurately stating their revenues and profits on their tax

returns, so the Defendants' other financial records and information—such as their sales

records, void and comp records, and delete records—are required not only to account for

the years for which Defendants have produced no tax returns, but also to test the accuracy

of the information provided on the only return they have produced.  Defendants have

testified that the corporation, its shareholders, and Naeem Mohd have computer sales reports and other financial statements and documents relating to the accused infringing restaurant, but they have failed and refused to produce them.  Defendants should be ordered to promptly provide all of the requested information and documents and, as a penalty for not producing them sooner, should be precluded from challenging the opinions provided in Plaintiff's expert report on damages.

**D.**     **Defendants' Failure and Refusal To Provide Other Discovery**

Defendants have failed and refused to answer the following Interrogatory No. 6:

> Please identify every current and former employee of Charbroil or Buffalo Wings House who previously had been an employee of the Plaintiff, and for each individual identified please state whether: (i) he still works for any Defendant; (ii) what his duties and responsibilities are or were for the Defendants; (iii) how long he has or had worked for the Defendants; (iv) what his duties and responsibilities were for the Plaintiff; and, (v) how long he had worked for the Plaintiff.

This interrogatory is relevant to finding individuals with additional information about actual customer confusion and the extent to which Defendants wrongfully solicited Plaintiff's employees while Defendants still were employed by Plaintiff or for the purpose of obtaining Plaintiff's confidential information.  Defendants should be ordered to provide the requested information.  Especially, Defendant Charbroil should be ordered to answer this Interrogatory based on its corporate knowledge.  It is obvious from the Defendants' deposition testimony, and that of the Plaintiff, that the Defendant corporation hired many more of Plaintiff's actual and former employees than Defendants admitted in their interrogatory answers.

Defendants have failed and refused to produce the vast majority of documents responsive to Request for Production No. 21, which required them to:

> Produce all emails and other documents relating to the financing, forming, planning, operating, or naming of the Buffalo Wings House restaurant.

Defendants have produced only one document responsive to this request. It is a lease assignment agreement which shows that Defendant Saleem Mohd guaranteed the lease for the challenged competing restaurant while still employed by Plaintiff. This belies the Defendants' prior position that Saleem Mohd played no role in planning or opening the competing restaurant while he was employed by Plaintiff. The Defendants still have not provided the vast majority of their corporate formation, planning, or financing documents, despite the fact that they were incorporated under the guidance of their current litigation counsel, Mr. Martin Mooradian. These documents are relevant to the extent to which the individual Defendants helped plan and open a competing restaurant while they had access to Plaintiff's confidential business information. They also are relevant to the extent to which the individual Defendants personally participated in giving their restaurant its infringing name, format and menu, or in creating its infringing advertising.

## THE RELIEF SOUGHT BY PLAINTIFF

The prejudice caused by the Defendant's willful misconduct in discovery entitles Plaintiff to spoliation and/or other discovery sanctions, an establishment order, and an order compelling the Defendants to produce the requested documents and information. The Plaintiff is also entitled to an order granting it leave to serve expedited third party discovery and an award of its attorneys' fees and costs incurred in filing the instant motion.

**A.     The Defendants' Conduct Warrants the Imposition of Sanctions.**

Although this matter is set for trial the week of March 3, 2008, and the deadline for discovery has passed, the Plaintiff still lacks basic evidence helpful to preparing its case

because the Defendants have failed to comply with the Federal and Local Rules and this Court's Orders regarding discovery.

In order to prepare its case for damages on direct evidence, Plaintiff is entitled to discovery related to the Defendants' sales, revenues and profits. *See* 15 U.S.C. § 1117(a). However, the Defendants have failed to produce tax returns for the years 2004 and 2005, and they have failed to produce their financial statements, computer sales records, void and comp records, and delete records—all of which could be used to compute the infringing restaurant's sales, revenues and profits based on its own records.

The Defendants have claimed that they do not possess tax returns for the years 2004 and 2005, yet they had a duty to preserve this evidence. In early January 2006, the Plaintiff filed a Complaint, containing claims and allegations that are virtually identical to those at issue in the present case, in the Circuit Court of Fairfax County, Virginia, which was styled by that court as Civil Case No. 2006-231.[1] Thus, from at least the beginning of 2006 to the present, the Defendants had a duty to preserve all relevant evidence. *See Silvestri v. G.M. Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation. If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence."). At the beginning of 2006, the Defendants at the very least must have possessed financial records from 2005 because they had not yet filed their tax return for 2005. Furthermore, the Defendants' 2005 tax

---

[1] The Fairfax County case was voluntarily dismissed by the Plaintiff before the instant case was filed.

return must have been drafted, filed, and then lost or destroyed (along with all of the supporting receipts and other financial documents), all during the time in which the Defendants were under a duty to preserve this evidence. Defendants have ignored and refused Plaintiff's request for Defendants' to get replacement copies of their tax returns from the IRS or from the state department of taxation, which only Defendants have the ability to do.

This Court has the power to sanction the Defendants for spoliation of evidence under Fed. R. Civ. P. 37(b) and under its inherent power to control litigation. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Rule 37(b) authorizes sanctions based on the failure to comply with a discovery order. The Court's Rule 16(b) scheduling order (Docket No. 26), in adopting the parties' discovery plan (Docket No. 26-1), required the parties to preserve all relevant data, evidence, and documents pending trial. In addition, the Court's power to sanction a party for spoliation is not limited by the date of the issuance of a court order, but extends to the earliest point at which a party is on notice of actual or anticipated litigation. *See Silvestri*, 271 F.3d at 590-91.

The Defendants have had a duty to preserve evidence relevant to the claims and allegations in this case since at least as early as January 2006. During this time, the Defendants have failed to preserve, or now refuse to produce, virtually all of their financial documents, records, and receipts. This failure to adequately preserve relevant evidence, or refusal to produce it, is prejudicial to the Plaintiff because the Plaintiff cannot establish the Defendants' sales, revenues and profits, which are essential elements of Plaintiff's damages claims, from the Defendants' own documents.

An appropriate sanction for spoliation "should serve the twin purposes of

'leveling the evidentiary playing field and . . . sanctioning the improper conduct.'"
*Loveless v. John's Ford, Inc.*, 232 Fed. Appx. 229, 236 (4th Cir. 2007) (unpublished; cited pursuant to Fed. R. Civ. P. 32.1) (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)).  Here, the Plaintiff lacks direct evidence of the Defendants' profits to establish its damages.  Thus, a judicial establishment of the amount of the Defendants' profits would be required to "level the evidentiary playing field."

Although some estimate of the infringing restaurant's sales, revenues and profits could be found in the Defendants' tax returns (if and when the Defendants locate and produce them), the Plaintiff suspects that the Defendants may have been underreporting their profits on their Federal tax returns.  Accordingly, Plaintiff seeks the Defendants' complete sales records, financial statements, void and comp records, and delete records. If the Defendants cannot produce all of these relevant documents and information, the Plaintiff will be unable to establish the Defendants' sales, revenues and profits through direct evidence.

Plaintiff suggests that an appropriate amount of the Defendants' annual profits is $274,271 per year.  This is the amount estimated by economist Stan Smith in his expert report, attached as Exhibit E.  This Court's establishment of the Defendants' annual profits as $274,271 would "serve the twin purposes of 'leveling the evidentiary playing field and . . . sanctioning the improper conduct.'"  The evidentiary playing field would be leveled because the Defendants would not be allowed to benefit from their wrongdoing by preventing the Plaintiff from discovering their actual profits, and the Defendants' improper conduct would be penalized fairly and reasonably through the use of the Plaintiff's chosen expert for the wrongful profits calculation.  For the same reasons, the

opinions provided in Mr. Smith's report also should be established at the measure of

Plaintiff's lost profits and as the measure of a reasonable royalty, provided that liability is

established.

**B.     The Defendants Should Be Compelled to Produce the Responsive Documents and Information.**

The Defendants have failed to produce any documents related to advertising

expenses, any documents related to any of their radio advertisements, or samples of most

of their newspaper and print advertising.  They have also failed to produce tax returns for

the years of 2004 and 2005, their sales records, void and comp records, and delete records

for any period of time.  Plaintiff's claims include allegations involving the similarity of

Defendants' print and radio advertising to Plaintiff's own advertisements.  Without

samples of the Defendant's advertising and other documentation related to that

advertising, such as radio station play lists, and cost and expense documents, the Plaintiff

is unable to properly prepare its case.  In addition, Plaintiff's damages claims entitle it to

evidence related to the Defendants' sales, revenues and profits.  Without the appropriate

financial records, the Plaintiff is unable to properly prepare its case.

The Defendants have offered no valid objection or rationale for failing to produce

or disclose documents related to advertising expenses, documents related to any of their

radio advertisements, samples of most of their advertising, tax returns for the years of

2004 and 2005, sales records, void and comp records, and delete records.  In fact, the

Defendants did not file or serve any objections to any of the requests for production, and

the Defendants' objections to the interrogatories were served on January 11, 2008 (more

than 30 days after Plaintiff filed the interrogatories), with their answers to the

interrogatories.  Therefore, pursuant to Local Rule 26(C), the Defendants' objections to

the interrogatories and requests for production are waived.  Given that the Defendants

have not timely objected to providing complete answers to the interrogatories at issue and

have not interposed any written objection to providing all responsive documents, the

instant motion to compel should be granted.

According to the terms of Fed. R. Civ. P. 37(a)(5), if a motion to compel is

granted or results in the production of additional documents or information, the Court is

required to award the moving party sanctions in the form of expenses and reasonable

attorneys' fees, except in the narrow cases where there is:  (1) substantial justification for

the violation, (2) unfairness, or (3) lack of prejudice to the party denied the discovery.

Given that none of these exceptions apply here, the Plaintiff is entitled to an award of its

reasonable attorneys' fees and expenses incurred in filing the instant motion.

**C.     Plaintiff Should Be Granted Leave to Serve Expedited Third Party
        Discovery.**

The Defendants have failed to produce tax returns for the years 2004 and 2005,

and they have failed and refused to produce—for any period of time—admittedly existing

sales reports, financial statements, sales records, void and comp records, and delete

records.  As discussed above, these records are necessary for the Plaintiff to prepare its

case for damages based on direct evidence of the Defendants' sales, revenues and profits.

Because of the Defendants' improper withholding or spoliation of relevant and

responsive documents, Plaintiff seeks to serve third party deposition and document

subpeonas on the Defendants' accounting firms and shareholders to gain access to some

(but certainly not all) of the financial information that the Defendants have improperly

destroyed, suppressed or withheld.

Under Fed. R. Civ. P. 16(b), once the Court has entered a scheduling order setting

the deadline for discovery, the deadline may be modified for good cause.  Although

Plaintiff has worked diligently to get all of the relevant documents and information from

the Defendants, its efforts were hindered by the Defendants' incomplete responses and

baseless excuses for not providing the requested discovery.  Plaintiff is not requesting a

postponement of the date that this matter has been set for trial or an extension of any

other deadlines under the current scheduling order.  Plaintiff only seeks to serve

expedited Fed. R. Civ. P. 45 document and deposition subpoenas on the corporate

Defendant's accounting firms and two shareholders.  Granting Plaintiff this expedited

discovery would not prejudice the Defendants in any way or cause any delay of the trial,

it would only serve to partially alleviate the prejudice to Plaintiff arising from the

Defendants' improper suppression, withholding and/or destruction of relevant documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the

following relief:

(A) An Order compelling the Defendants to produce all responsive documents and
information, including complete narrative interrogatory answers, within five
business days;

(B) An Order preventing the Defendants from presenting any evidence as to the
amount of their sales, revenues or profits and establishing the amount of
Plaintiff's damages at the amounts set forth in Plaintiff's expert report;

(C) An Order establishing that the parties' advertising and promotional materials
are and have been very similar for purposes of engaging in likelihood of
confusion analysis;

(D) An Order granting leave to the Plaintiff to serve expedited third party

discovery on Defendants' accounting firms and two shareholders;

(E) An Order compelling the Defendants to pay Plaintiff's attorneys' fees and

costs incurred in bringing this motion; and,

(F) Any other relief that this Court deems just and proper.

Dated This 8th Day of February, 2008

Respectfully Submitted,

BUFFALO WINGS FACTORY, INC.
By Counsel:

/s/ Michael C. Whitticar
Thomas M. Dunlap (VSB #44016)
Michael C. Whitticar (VSB# 32968)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty Street, SW
Leesburg, Virginia 20175
703-777-7319
703-777-3656 (fax)
mwhitticar@dglegal.com
Counsel for the Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that this 8th Day of February, 2008, a true and correct copy of the

foregoing *Memorandum in Support of Plaintiff's Motion for Spoliation and/or Discovery*

*Sanctions and to Compel Discovery, and Motion for Leave to Serve Third Party*

*Discovery* was served pursuant to the Court's electronic filing procedures using the

Court's CM/ECF system, on the following:

Martin Mooradian
77000 Little River Turnpike #604
Annandale, VA 22003
(703) 256-6200 telephone
(703) 256-4851 facsimile
Counsel for Defendants

/s/ Michael C. Whitticar
Thomas M. Dunlap (VSB #44016)
Michael C. Whitticar (VSB #32968)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty Street, SW
Leesburg, Virginia 20175
703-777-7319
703-777-3656 (fax)
mwhitticar@dglegal.com
Counsel for the Plaintiff