IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

**BUFFALO WINGS FACTORY, INC.** )
)
      **Plaintiff,** )
)
v. ) Case No. 1:07-cv612-JCC
)
**SALEEM MOHD, et al.** ) Hon. James C. Cacheris
)
      **Defendants.** )

## CONSENT ORDER

      Plaintiff the Buffalo Wings Factory, Inc. ("Factory") and defendants Saleem Mohd, Naeem Mohd and Charbroil Grill of Worldgate, Inc. have informed the Court that this case has been resolved and settled by mutual agreement to the terms of a settlement agreement and this Order. The Court, having reviewed the record in this case and the arguments of the parties and their counsel, by agreement of the parties and for good cause shown, hereby orders as follows:

      1.    Defendants will ensure that by 1 June, 2008 (the "Conversion Date"), the "Buffalo Wings House" restaurant in the Worldgate shopping center in Herndon, Virginia (the "Restaurant") will change its name to "House of Wings" or some other mutually agreeable name that does not contain or include the words "Factory", "Buffalo Wing", or "Buffalo Wings." Also by the Conversion Date, Defendants and the Restaurant will cease and desist from using any signs, menus, T-shirts, uniforms, advertising or promotional materials including or displaying the name, mark or logo "Buffalo Wings House" or any other name, mark or logo that contains or includes the words "Factory", "Buffalo Wing", or "Buffalo Wings." Also by the Conversion Date, Defendants and the Restaurant will stop making any use in commerce of the name, mark or logo "Buffalo Wings House" or any other name, mark or logo that contains or includes the words "Factory", "Buffalo Wing", or "Buffalo Wings."

      2.    By the Conversion Date, the signs outside of and inside the Restaurant (including any and all window or wall designs) shall be changed to House of Wings or some other mutually agreeable name, mark or logo that does not contain or include the words "Factory", "Buffalo Wing", or "Buffalo Wings." Defendants will immediately exert their best efforts in good faith to secure approval from their landlord to change the sign outside the Restaurant to a color other then red, orange or white. If Defendants' or the Restaurant's landlord does not approve the color change request, Defendants shall promptly provide the name, phone number and contact person at the landlord and written evidence of the request to change the color of the sign and of the landlord's disapproval.

1

3. By the Conversion Date, the "House of the Inferno" tag line must be removed from Defendants' Restaurant and concept entirely, and Defendants will cease any use of it in commerce or in their advertising and promotional materials. Defendants and the Restaurant will not, after the Conversion Date, adopt or use any slogan, mark or tag line employing the words "home" or "house" in connection with hot wings or any name given to any hot chicken wing product.

4. The chicken wing and chicken finger sauce flavors on the Restaurant's menu must not exceed 20 total sauces and the following must be removed, with the Restaurant offering no sauces with the same or similar names or ingredients: Peppery Parmesan sauce (ingredients: ranch dressing, parmesan cheese and steak seasoning, combined together or with additional ingredients), Spicy Crab sauce (ingredients: beer or ale, butter or margarine, old bay seasoning and hot sauce, combined together or with additional ingredients), and Spicy Lemon Pepper (ingredients: lemon juice, hot sauce and butter or margarine, combined together or with additional ingredients). Defendants and the Restaurant must change the name of the sauce currently offered as Eastern Shore Sauce (beer or ale, butter or margarine, and old bay) but may offer it under the name Old Bay Sauce. Defendants and the Restaurant must change the name of the sauce currently offered as Spicy Honey Garlic sauce (hot sauce, honey and garlic) but may continue to offer that sauce. These changes must be implemented and completed by the Conversion Date.

5. Defendants and the Restaurant must change the names of the quantities in which the Restaurant offers chicken fingers to names other than: "single", "double", "triple", "Tub" and "Bucket." These names must be removed from the Restaurant's menu. The Restaurant's new names for these quantities must be mutually agreeable. Defendants and the Restaurant may, but need not, change the quantities in which the Restaurant offers chicken fingers. These changes must be implemented and completed by the Conversion Date.

6. Defendants and the Restaurant must remove the sandwiches "Stray Cat" (turkey, thousand island dressing and swiss cheese, together or with additional ingredients), "Wild Wild West" (chicken, bacon and barbecue sauce, together or with additional ingredients), and "Super Club" (double decker sandwich with turkey and ham, together or with additional ingredients), from the Restaurant's menu and product offerings and must not offer any other products under those same names. Defendants must rename their one pound burger the "Pounder" (or remove it) and must not name it or any other product "Big Boy" or "Fat Albert." These changes must be implemented and completed by the Conversion Date.

7. Defendants and the Restaurant must remove the following specials, in substance and in name, from the Restaurant's menu and product offerings: "25 wings 5 different ways", the "Wings and Fingers Combo" and "All You Can Eat Wings and Fingers." Defendants and the Restaurant may offer all you can eat specials involving wings alone or chicken fingers alone, but may not offer an all you can eat special

2

involving both chicken wings and chicken fingers. These changes must be implemented and completed by the Conversion Date.

8. Defendants and the Restaurant shall ensure that the Restaurant changes its employees' and manager's uniforms to shirts in some color other than black, navy blue or dark blue, and shall, by the conversion date, ensure that they stop wearing black or dark-colored shirts while working at the Restaurant.

9. Defendants and the Restaurant shall cause the Restaurant's menu to be changed to make it dissimilar and substantially less similar to those offered by any Buffalo Wing Factory restaurant or licensee. This change must be implemented and completed by the Conversion Date. At least thirty days before the Restaurant offers its new menu, it must be submitted to Buffalo Wings Factory, Inc. Buffalo Wings Factory may only object to the menu if it believes that its lay-out is confusingly similar to the Buffalo Wings Factory menu or if its menu items are not consistent with any term set forth herein.

10. For a period of two years from the Conversion Date, in the territory comprised of Loudoun County, Fairfax County, and any cities or towns surrounded by or within the borders of those counties, each Defendant must not open any Wing Based Concept other than the Restaurant nor be involved as a direct or indirect investor, owner, employee, officer, manager or consultant, with any Wing Based Concept other than the Restaurant. A "Wing Based Concept" is a restaurant the focus of which is serving chicken wings, or a restaurant which has Factory, Wing, Wings or Buffalo in the title.

11. The de-identification obligations and restrictions set forth in the foregoing Paragraphs 2 through 9 shall all apply to any other restaurant or Wing Based Concept in which any Defendant is a direct or indirect investor, owner, employee, officer, manager or consultant at any time after the Conversion Date, and shall apply to the existing Restaurant in its current location or any other location.

12. By the Conversion Date, Defendants shall pay Buffalo Wings Factory, Inc. Thirty Thousand Dollars ($30,000) in cash or by certified check. By 1 June, 2009, Defendants shall pay Buffalo Wings Factory a second payment of Thirty Thousand Dollars ($30,000) in cash or by certified check. By 1 June, 2010, Defendants shall pay Buffalo Wings Factory a third payment of Thirty Thousand Dollars ($30,000) in cash or by certified check. By 1 June, 2011, Defendants shall pay Buffalo Wings Factory a fourth payment of Thirty Thousand Dollars ($30,000) in cash or by certified check. By 1 June, 2012, Defendants shall pay Buffalo Wings Factory a fifth and final payment of Thirty Thousand Dollars ($30,000) in cash or by certified check. The payment obligations set forth in this Paragraph shall be further documented by a promissory note providing for confession of judgment, acceleration of payments, and collection of attorneys' fees by Buffalo Wings Factory, Inc.

13. Within ten days of the Effective Date of the Mutual Release and Settlement Agreement, Defendants shall dismiss with prejudice the complaint and all claims asserted

in the Fairfax County Circuit Court action, involving alleged breach of a term sheet or promise to open or share a new restaurant, each party to bear his, her or its own costs and attorneys' fees.

14. Any claim or counterclaim which was or could have been asserted in this Action otherwise shall be dismissed with prejudice as to obtaining any further relief absent a violation of this Order or a material breach of the related settlement agreement dated February 29, 2008.

16. The parties shall, within twenty days of the date this Order is entered, return to opposing counsel or destroy deposition transcript portions designated as "Confidential" and other materials produced by the opposing parties in discovery and previously designated as "Confidential." Those materials shall not be used by the parties for any business purpose and shall not be disclosed to third parties.

17. The terms of this Order and the related settlement agreement shall be permanent unless and until modified in a writing signed by a duly authorized officer of the Plaintiff and by Defendants. Pursuant to Federal Rule of Civil Procedure 65(d), the terms of this Order are binding on the Plaintiff and Defendants, their officers, agents, servants, employees and attorneys, and upon any individual or legal persons in active concert or participation with a party who receives actual notice of this Order by personal service or otherwise.

**IT IS SO ORDERED:**

____3/3/08____        ____/s/____
Date                          James C. Cacheris
                              United States District Judge

**WE ASK FOR THIS:**

2/29/08
_____
Date

*[signature]* Martin Mooradian by Michael C. Whitticar, by express permission

Martin Mooradian, Esq.
VSB: 33770
Sole Practitioner
Counsel for the Defendants
7700 Little River Turnpike #204
Annandale, VA 22003
(703) 256-6200 telephone
(703) 256-4851 facsimile
mmooradian@cox.net

**SEEN AND AGREED TO:**

2/29/08
_____
Date

*[signature]* Michael C. Whitticar

Thomas M. Dunlap (VSB No. 44016)
Michael C. Whitticar (VSB No. 32968)
DUNLAP, GRUBB & WEAVER, PLLC
Counsel for the Plaintiff 199 Liberty St., SW
Leesburg, VA 20175
Tel: 703-777-7319
Fax: 703-777-3656
mwhitticar@dglegal.com
tdunlap@dglegal.com

## ATTORNEY AT LAW
### 7700 Little River Tnpk Suite 204 Annandale, VA 22003
### Phone: (703) 256 6200 Fax: (703) 256-4851

# fax

to: Michael Whitticar

fax #: (703) 777-3656

from: Martin Mooradian

date: February 28, 2008

subject: Factory v. Saleem Mohd et al
Final Order

pages: 2

NOTES: Here is my fax signature. You have my permission to sign myt name to the modified order that was sent to you at approximately 5:45 pm today.

*[signature]*

**WE ASK FOR THIS:**

2/28/08
_____
Date

_____
Martin Mooradian, Esq.
VSB: 33770
Sole Practitioner
Counsel for the Defendants
7700 Little River Turnpike #204
Annandale, VA 22003
(703) 256-6200 telephone
(703) 256-4851 facsimile
mmooradian@cox.net

**SEEN AND AGREED TO:**

_____
Date

_____
Thomas M. Dunlap (VSB No. 44016)
Michael C. Whitticar (VSB No. 32968)
DUNLAP, GRUBB & WEAVER, PLLC
Counsel for the Plaintiff 199 Liberty St., SW
Leesburg, VA 20175
Tel: 703-777-7319
Fax: 703-777-3656
mwhitticar@dglegal.com
tdunlap@dglegal.com

6