IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BUFFALO WINGS FACTORY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:07cv612 (JCC) |
| ) | |
| MOHD, et al., ) | |
| ) | |
| Defendants; and ) | |
| ) | |
| SS HERNDON, INC., et al., ) | |
| ) | |
| Rule 65(d) Respondents ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Release to Plaintiff of Funds Paid Into Court ("Pl.'s Mot."). For the reasons stated below, the Court will **grant** this Motion.

### I.  Background

The background facts of this long-running litigation are not germane to the motion before the Court, which deals only with money paid into Court pursuant to a judgment for contempt sanctions entered against Defendants and Respondents.[1]  On October 15, 2008, the Court granted in part Plaintiff's Second Motion for Contempt Sanctions.  On October 20, Plaintiff asked for an emergency temporary restraining order ("TRO") freezing the

---

[1] The facts are summarized in the Court's Memorandum Opinion dated October 23, 2008 [204] at 1-7.  *See also* the Order of October 15, 2008 [195].

assets of Defendants and Respondents, including what was at one time the corporate owner of the infringing restaurant, SS Herndon, Inc. ("SS Herndon"). Respondent SS Herndon owed, after the entry of the second Contempt Order, $171,000 in contempt sanctions and reasonable attorneys' fees.[2]

At the TRO hearing, the Court learned that SS Herndon had sold all of its assets to a corporation formed by the brother of Seema Saleem, a Respondent who is one of SS Herndon's part-owners. The new corporation, Wings House of Virginia, Inc., had already paid SS Herndon $90,000 of the $110,000 sales price. The Court ordered SS Herndon to pay the remaining $20,000 into the Court as soon as it was received, in an effort to prevent further disbursement of the amount owed to Plaintiff. SS Herndon did so, and the $20,000 was placed into an interest-bearing account pursuant to the regular procedures of the Clerk of Court.

Plaintiff now seeks to collect that $20,000. SS Herndon has little or no money left in its bank account and no other significant assets. *See* Pl.'s Mot., Ex. A at 9, Ex. E at 69-70. Most of the $90,000 paid to SS Herndon in exchange for its assets appears to have disappeared around the time of the TRO hearing. The corporation made a $60,000 payment to an attorney for SS Herndon employees (and Defendants) Naeem Mohd and Saleem

---

[2] Respondents Seema Saleem and Jaji Shah are also jointly and severally liable for all or part of what SS Herndon, Inc. owes. *See* Order of October 15, 2008 [195] at 2.

Mohd just before or just after the TRO hearing.  Pl.'s Mot., Ex. A at 36-37.

Citing these reasons as evidence that most if not all of the money it is owed by SS Herndon has been dispersed, Plaintiff asks the Court to release to it the $20,000 previously paid into Court.  On November 13, SS Herndon submitted a Memorandum in Opposition.  This Motion is before the Court.

## II. Discussion

The execution of a judgment is governed by Federal Rules of Civil Procedure 62 and 69.  Rule 62(a) states that "no execution may issue on a judgment . . . until 10 days have passed after its entry."  More than 10 days have passed since the issuance of the Court's Contempt Order on October 15, 2008. Subsection (d) allows the party against whom a judgment was rendered to stay enforcement of the judgment by filing an appeal and obtaining a supersedeas bond.  Fed. R. Civ. P. 62(d).  At this time, neither Defendants nor Respondents have appealed the October 15, 2008 Contempt Order.

Money judgments are enforced by a writ of execution, and the procedure governing execution "must accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1).  Thus, Virginia law governs the execution of judgments in this Court.  Under the Code of Virginia, a judgment for money cannot be executed until 21 days have passed from the

date on which judgment was entered.  Va. Code Ann. § 8.01-446.
More than 21 days have passed since the entry of the October 15
Contempt Order.  Thus, the $20,000 paid into Court by SS Herndon
is now subject to collection by the Plaintiff in partial
satisfaction of the contempt sanctions levied by this Court.

SS Herndon filed a one-page Memorandum in Opposition to
Plaintiff's Motion.  It asks the Court to stay execution on at
least part of the $20,000 because SS Herndon still owes taxes to
the Commonwealth of Virginia and the Town of Herndon, Virginia.
The opposition cites no case law in support of this position and
does not explain why SS Herndon did not meet its tax obligations
with the other $90,000 paid to it in return for its assets.  The
Court will issue an Order releasing the $20,000 to Plaintiff.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for
Release to Plaintiff of Funds Paid Into Court will be **granted.**

An appropriate Order will issue.

November 17, 2008                              /s/
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE

4