IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BUFFALO WINGS FACTORY, INC., )<br>    Plaintiff, )<br>        v. )<br>MOHD et al., )<br>    Defendants; and )<br>SS HERNDON, INC. et al., )<br>    Respondents. ) | 1:07cv612 (JCC) |

**O R D E R**

Before the Court are two attorneys' fee petitions filed by Plaintiff, one of which Plaintiff has supplemented with additional filings.  The first fee petition, filed January 2, 2009 [351]-[352] and supplemented on January 9, 2009 [358] ("First Fee Petition"), requests attorneys' fees pursuant to the Court's Memorandum Opinion [141] and Order [142] of August 4, 2008 and Judgment Order of December 17, 2008 [330].  *See* J. Order at ¶ 6.  The second fee petition, filed on January 22, 2009 [368]-[369] ("Second Fee Petition"), requests fees pursuant to the Court's Third Contempt Order [361] ("Third Contempt Order").  *See* Third Contempt Order at 2-3.

1

A. <u>First Fee Petition</u>

Plaintiff represented to the Court that it intends to pursue the additional attorneys' fees requested in its First Fee Petition in Virginia state court.  *See* J. Order at ¶ 6.  Accordingly, Plaintiff requested that the Court dismiss its First Fee Petition without prejudice.  The Court will grant Plaintiff's request to dismiss the First Fee Petition (the fee petition of January 2, 2009 [351]-[352] and supplemental fee petition of January 9, 2009 [358]) without prejudice.

B. <u>Second Fee Petition</u>

In the Third Contempt Order, the Court dismissed Plaintiff's third motion for contempt sanctions against Defendants Naeem Mohd, Saleem Mohd, and Charbroil Grill of Worldgate, Inc.  The request was made moot by Defendants' endorsement of the Promissory Note that they had previously agreed to sign.  *See* Consent Order [97].  The Court also granted Plaintiff's request for attorneys' fees and costs for the resources spent preparing the third motion for contempt sanctions, explaining that "Defendants only signed the note because of Plaintiff's diligence in pursuing sanctions against them, and so the Court will grant this request and award fees and costs against Defendants."  Third Contempt Order at 2.

The Second Fee Petition requests $2,784.50 in fees and costs related to Plaintiff's preparation of the third motion for

contempt sanctions.  Pl.'s Mot. at 1-2.  Plaintiff supported its motion with a legal memorandum, a breakdown of billing expenses, and an affidavit.  Pl.'s Mot. Ex. A-C.  Defendants have not opposed Plaintiff's request.

The party requesting fees bears the burden of demonstrating the reasonableness of what it seeks to recover. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

This Court previously performed a full evaluation of the rates charged by Plaintiff's counsel and found them to be reasonable.  Mem. Op. of Nov. 28, 2008 [236] at 10-14.  The hourly rates used to compute the fee request in the Second Fee Petition are lower than those discussed in the Memorandum Opinion of November 28, 2008.  *See* Pl.'s Mem. in Supp. [369] Ex. A; Pl.'s Mem. in Supp. [144] Exs. E-J.  For the reasons set forth in detail in its earlier opinion, the Court finds that Plaintiff's lawyers continue to bill at reasonable rates.

In the same opinion, the Court found that Plaintiff's counsel spent a reasonable number of hours preparing a previous

round of contempt sanctions.[1]  For the reasons discussed in the Memorandum Opinion of November 28, 2008, and after a thorough review of the billing information submitted by Plaintiff, the Court finds that Plaintiff's counsel spent a reasonable number of hours preparing the third motion for contempt sanctions.

Evaluating Plaintiff's request under the multi-factor test adopted by the Fourth Circuit, the Court finds that Plaintiff has met its burden of demonstrating the reasonableness of its fee request.  *See Daly v. Hill*, 790 F.2d 1071, 1077-78 (4th Cir. 1986); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  Plaintiff's counsel expended a reasonable number of hours and charged a reasonable hourly rate.  The Court will award Plaintiff the $2,784.50 in attorneys' fees and costs that it requests.

For the reasons stated above, it is hereby ORDERED that:

(1) Plaintiff's Supplemental Motion to Establish the Amount of Attorneys' Fees and Costs Pursuant to this Court's Order and Memorandum Opinion of August 4, 2008 and this Court's Judgment of December 17, 2008 [351], is DISMISSED WITHOUT

---

[1] With one minor exception: in its earlier ruling, the Court reduced the hours charged for the preparation of the fee petition itself.  Such a reduction would not be appropriate here, where the fee request is of such a low value as to make a comparison between the fees requested for preparing the contempt motion and those requested for preparing the fee petition unhelpful in determining the reasonableness of each.  *See* Mem. Op. of Nov. 28, 2008 at 14-16.

PREJUDICE;

(2) Plaintiff's Addendum to Plaintiff's Supplemental Motion [358] is DISMISSED WITHOUT PREJUDICE;

(3) Plaintiff's Motion to Establish the Amount of Attorneys' Fees and Costs Associated with its Third Motion for Contempt Sanctions Awarded Pursuant to This Court's Order Dated January 12, 2009 [368] is GRANTED;

(4) judgment is entered in favor of Plaintiff and against Defendants Saleem Mohd, Naeem Mohd and Charbroil Grill of Worldgate, Inc., jointly and severally, for attorneys' fees and costs related to Plaintiff's third motion for contempt sanctions in the amount of $2,784.50, plus interest;

(5) the address for Saleem Mohd and Naeem Mohd is 1324 April Way, Herndon, Virginia, 20170;

(6) the address of record with the Virginia State Corporation Commission for Charbroil Grill of Worldgate, Inc. is 13005 Worldgate Drive, Herndon, Va, 20170; and

(7) the Clerk of the Court shall forward copies of this Order to all counsel of record and to Jaji Shah and Seema Saleem.

February 9, 2009                          /s/
Alexandria, Virginia            James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE